NO. 07-08-00379-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2010

ROQUE REYES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-419,410; HONORABLE JIM BOB DARNELL, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Roque Reyes appeals from his conviction by jury of the offense of burglary of a habitation with intent to commit theft[1] and the resulting sentence of forty-seven years in the Institutional Division of the Texas Department of Criminal Justice. By one issue, appellant argues the trial court infringed on his rights under the Confrontation Clause by admitting penitentiary packets into evidence against him during the guilt-

---

[1] *See* Tex. Penal Code Ann. § 30.02(a)(1), (c)(2) (Vernon 2003).

innocence phase of trial.  We find the issue not preserved for our review, and so affirm the judgment of the trial court.

## Background

Appellant plead not guilty to the indicted charge.  The State presented testimony showing appellant took an air compressor from the victim's garage.  The victim, who interrupted the theft, testified the compressor was in his garage and appellant would have had to enter the garage to take it.  During his case, appellant testified.  He acknowledged he took the compressor but said it was located in a truck in the driveway, not inside the garage.  Appellant denied he entered the garage.

Appellant's complaint on appeal concerns the prosecutor's manner of impeaching him during cross-examination with his two prior felony convictions.  Rather than simply asking him about the convictions, the prosecutor asked him to identify the "pen packets" and after an exchange about the packets, offered them into evidence.  Appellant objected, raising hearsay and lack of authentication objections.  The court overruled the objections and admitted the packets.[2]

## Analysis

Although conceding he freely admitted the prior convictions, appellant nonetheless contends the trial court erred by admitting the packets, arguing their admission served no purpose other than to show the jury he actually had served time in the Institutional Division on a prior occasion.  Noting the relationship between the right

_____

[2] The court's charge instructed the jury to consider the prior convictions only in determining appellant's credibility.

2

of confrontation and the exclusion of hearsay, appellant argues admission of the packets violated his rights under the Confrontation Clause of the Sixth Amendment. The State contends appellant's constitutional issue was not preserved for our review. We agree.

To preserve an issue for appellate review, a party must make a timely objection or request to the trial court, sufficiently stating the specific grounds for the requested ruling, unless apparent from the context, and obtain an adverse ruling. *See* Tex. R. App. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002). Moreover, the objection or request at trial must comport with the complaint presented on appeal. *Wilson*, 71 S.W.3d at 349. Even constitutional errors may be forfeited by failure to object at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995). The Court of Criminal Appeals reiterated in *Reyna v. State*, 168 S.W.3d 173, 179 (Tex.Crim.App. 2005) that a party's hearsay objection to offered evidence does not preserve error on a Confrontation Clause ground. The precept is applicable here. Accordingly, we overrule appellant's issue, and affirm the trial court's judgment.

James T. Campbell<br>
Justice

Do not publish.